IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EARL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-138 |
| | ) | |
| JERMAINE WHITE and COUNSELOR | ) | |
| VERONICA STEWART, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On June 27, 2022, Petitioner, currently incarcerated at Telfair State Prison in Helena, Georgia, submitted a Petition for a Writ of Mandamus in the United States District Court for the Middle District of Georgia and requested to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 4.) After the Court granted him leave to proceed IFP and Petitioner paid the initial partial filing fee, District Judge Marc T. Treadwell transferred the petition to this Court on October 12, 2022. (Doc. nos. 5, 6.) Because Petitioner is proceeding IFP, the petition must be screened to protect potential respondents. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

Petitioner seeks a writ of mandamus to require Respondents, the warden and deputy warden of Telfair State Prison, to adhere to the Georgia Department of Corrections' ("GDC") Standard Operating Procedure ("SOP") 228.02 regarding beard length for state prisoners. Petitioner previously filed a complaint against the GDC Commissioner and Warden of Valdosta State Prison pursuant to the Religious Land Use and Institutionalized Persons Act

which was voluntarily dismissed after defendants agreed to review GDC grooming policies, resulting in the current version of SOP 228.02 which Petitioner seeks to enforce via a writ of mandamus in federal court.  Smith v. Bryson, CV 7:16-cv-00139-HL-TQL (M.D. Ga. Dec. 5, 2016).

The federal statute regarding writs of mandamus, 28 U.S.C. § 1361, provides the extraordinary remedy of mandamus relief against only federal officers, employees, or agencies. Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003).  And in those cases, "[m]andamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief."  Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004).  Petitioner's mandamus request fails because respondents here are state officials, and Petitioner has an alternative avenue of seeking mandamus relief in state court.  See Tyner v. Zant, 339 S.E.2d 235, 235 (1986) (recognizing the applicability of mandamus petitions against state prison officials in Georgia courts); see also Brock v. Georgia, No. 421CV00194CDLMSH, 2022 WL 2296927, at *2 (M.D. Ga. Mar. 16, 2022), (dismissing petition for writ of mandamus against state officials because "it has long been recognizes that federal courts lack the power to issue writs compelling action by state officials"), adopted by 2022 WL 2296925 (M.D. Ga. June 24, 2022).  Therefore, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA